JAMES R. MITCHELL *vs.* ABNER HART.

Bristol. Oct. 26, 1881. — March 1, 1882. MORTON, C. J., W. ALLEN & C. ALLEN, JJ., absent.

At the trial of an action under the Gen. Sts. c. 83, § 18, for taking oysters from a tract claimed by the plaintiff to be covered by a license to him, which purports to describe the tract by metes and bounds, it cannot be ruled, as matter of law, that, upon the face of the license, such tract is not described by metes and bounds.

TORT under the Gen. Sts. c. 83, § 18. Trial in the Superior Court, before *Rockwell*, J., who reported the case for the determination of this court, in substance as follows:

The plaintiff put in evidence the following license, dated October 19, 1874: " The selectmen of the town of Swanzey have licensed, and do hereby license, James R. Mitchell, of said Swanzey, to plant, grow and dig oysters in and upon the following described flats and channel situated in Coles River in said Swanzey for the term of twenty years, provided that said license shall not infringe or impair the private rights of any person, or materially obstruct the navigation of said Coles River, and is not located where there is a natural oyster-bed: Beginning at the southwest corner of Edmund Arnold's land on the west shore, and running south and southwesterly by the shore and channel of said Coles River on what is known

as the Parker Weaver farm about six rods, to what is called Stony Point."

The plaintiff also introduced evidence tending to show the taking of oysters in considerable quantities from what he claimed to be the tract intended to be described in the license, and the value of the same; he also testified that he staked out and showed to the defendant the flats which he claimed to be covered by his license. It appeared, on cross-examination of one of the plaintiff's witnesses, that Edmund Arnold's farm, referred to in the license, was on the east side of Coles River.

The defendant requested the judge to rule that the license was not sufficient on its face, as matter of law, for the plaintiff to maintain this action. The judge so ruled, and directed a verdict for the defendant.

If the ruling was wrong, a new trial was to be granted; otherwise, the verdict to stand.

*H. K. Braley*, for the plaintiff.

*J. M. Morton*, for the defendant.

LORD, J. It is apparent that the presiding judge in this case ruled, as matter of law, that, upon the face of the license, the tract upon which the plaintiff had a right to plant oysters was not defined by metes and bounds. But this cannot appear by the mere reading of a paper which professes to define the tract by metes and bounds. It may be that, when all the facts appear, it will be obvious that the lines given describe no enclosure. The court cannot see where the southwest corner of Edmund Arnold's land is; nor can it see either the channel or the Parker Weaver farm; nor whether the channel and the Parker Weaver farm are so situated in relation to each other that the language of the description must necessarily import two lines or one; nor whether Stony Point is of itself such a monument and extending such a length as, taken in connection with the other lines and monuments named, does define such a tract of land as may properly be granted by license to an individual, on which to plant oysters. From the reading of the license, it cannot be said that it does describe such a tract of land, nor can it be said that it does not. The case must therefore be sent for trial to a jury; and the evidence will then be such that perhaps the court can say that a tract is described by the evidence, or may say

that such tract is not described; or it may be a question of fact for the jury to decide, under proper instructions from the court, whether such a tract be or be not described.

*New trial ordered.*